STATE OF HAWAII, Plaintiff-Appellee, *v.* ALBERT TYQUIENGCO, Defendant-Appellant

NO. 10741

(CRIMINAL NO. 8070(3))

JULY 29, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

In this appeal from his conviction of murder, Hawaii Revised Statutes (HRS) § 707-701 (1976), and criminal property damage in the second degree, HRS § 708-821(1)(b) (1976), Defendant Albert Tyquiengco (Defendant) asserts that the trial court erred (1) in refusing his requested instruction on the State's burden of proof on his manslaughter defense, and (2) imposing an extended ten-year term of imprison-

ment for his criminal property damage conviction consecutive to his life imprisonment term for the murder conviction. Judgment and sentence were entered on May 30, 1985. We find no error and affirm.

## I.

Defendant offered a manslaughter instruction which included the following:

The burden is upon the State to prove beyond a reasonable doubt that the Defendant was not acting under the influence of extreme mental or emotional disturbance.

Therefore, if you find that the Defendant was acting under extreme mental or emotional disturbance as described above, you must find the Defendant guilty of the lesser included offense of manslaughter.

The court refused the quoted portions of the instruction over Defendant's objection. The balance of the instruction, tracking HRS § 707-702(2) (1976), the manslaughter statute,[1] was given by the trial court. Both parties agree that when the defendant in a murder trial raises the manslaughter defense, the State has the burden of proving that Defendant's actions were not influenced by extreme mental or emotional disturbance.

Although Defendant attempted to raise the defense in this case, our careful review of the record convinces us that the evidence does not support the manslaughter defense and he was not entitled to an HRS § 707-702(2) manslaughter instruction. Therefore, the trial court did not err in denying his requested burden of proof instruction.

There is no evidence that Defendant was "exposed to an extremely unusual and overwhelming stress; and . . . [had] an extreme emotional reaction to it, as a result of which there [was] a loss of self-control and [his] reason [was] overborne by intense feelings, such as passion, anger,

---

[1]The given instruction read as follows:

Instruction number 16:   in a prosecution for Murder it is a defense which reduces the offense to Manslaughter that the defendant was at the time he caused the death of another he was [sic] under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. The reasonableness of the explanation shall be determined from the viewpoint of a person in the defendant's situation under the circumstances he believed them to be.

distress, grief, excessive agitation or other similar emotions." *State v. Dumlao,* 6 Haw. App. ___, ___, 715 P.2d 822, 829 (1986) (quoting *People v. Shelton,* 88 Misc. 2d 136, 149, 385 N.Y.S.2d 708, 717 (1976) ). Moreover, if Defendant did suffer from an extreme mental or emotional disturbance at the time of the offense, there is nothing in the record to indicate a reasonable explanation for his mental or emotional state. In *State v. Dumlao, supra,* we held that the defendant was entitled to the manslaughter instruction where he presented expert testimony[2] and his own testimony to show a reasonable explanation for his mental state. Here, there was none and the manslaughter defense was not available to Defendant.

The record shows that for several months prior to the incident Defendant was subject to a delusion that he was being invited by the victim to make love to her. Also, he was angry because the victim had pointed an air rifle at him and told him never to come on her property again. When Defendant left home on the night of the incident, he told his companions he was "going to a barbecue." After the incident, he told a jail cellmate he went to the victim's residence to ask her to go to Guam with him. When she refused, he hit her. Even in the light most favorable to Defendant, the evidence does not indicate the state of mind upon which the murder charge is reduced to manslaughter. There is no evidence to show that he suffered extreme mental or emotional disturbance for which there was a reasonable explanation.

> Malice and heat of passion cannot coexist. The mere fact of passion on the part of the slayer will not reduce the crime from murder to voluntary manslaughter where he entertained a previous purpose to kill, unless it is made to appear that such purpose was abandoned before the homicidal act was committed.

40 Am. Jur. 2d *Homicide* § 56 (1968) (footnotes omitted). There is no evidence that Defendant's purpose was abandoned.

---

[2]We do not rule that expert testimony is required to explain a defendant's mental or emotional disturbance.

II.

Defendant was sentenced under HRS § 706-606(b) (Supp. 1984)[3] to life with the possibility of parole for the murder conviction. Upon the State's motion, the trial court sentenced Defendant as a multiple offender to an extended term of ten years on his criminal property damage conviction, in accordance with HRS §§ 706-661(3) (1976) and -662(4) (Supp. 1984),[4] and ordered that the ten-year sentence be served

---

[3]Hawaii Revised Statutes (HRS) § 706-606(b) (Supp. 1984) reads as follows:
Sentence for offense of murder.   The court shall sentence a person who has been convicted of murder to an indeterminate term of imprisonment. In such cases the court shall impose the maximum length of imprisonment as follows:

\* \* \*

(b) Life imprisonment with possibility of parole in all other cases. The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

[4]HRS §§ 706-661(3) (1976) and -662(4) (Supp. 1984) read as follows:
§ 706-661   Sentence of imprisonment for felony; extended terms.   In the cases designated in section 706-662, a person who has been convicted of a felony may be sentenced to an extended indeterminate term of imprisonment. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:

\* \* \*

(3) For a class C felony — ten years.
§ 706-662   Criteria for sentence of extended term of imprisonment for felony. The court may sentence a person who has been convicted of a felony to an extended term of imprisonment if it finds one or more of the grounds specified in this section. The finding of the court shall be incorporated in the record.

\* \* \*

(4) Multiple offender.   The defendant is a multiple offender whose criminality was so extensive that a sentence of imprisonment for an extended term is warranted. The court shall not make such a finding unless:
(a) The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony; or
(b) The maximum terms of imprisonment authorized for each of the defendant's crimes, if made to run consecutively would equal or exceed in length the maximum of the extended term imposed, or would equal or exceed forty years if the extended term imposed is for a class A felony.
The ordinary term of imprisonment for criminal property damage in the second degree is five years. HRS § 708-821(2) (1976); § 706-660 (Supp. 1984).

consecutive to the life imprisonment term, under the authority of HRS § 706-668 (Supp. 1984).[5]

Under the original provisions of HRS § 706-606(b) (1976) relating to the authorized sentence for murder in cases not requiring sentence under § 706-606(a) because of aggravating circumstances, the trial courts had the discretion to sentence a defendant to imprisonment for twenty years, or for life with possibility of parole. In 1981 the legislature amended § 706-606(b) to eliminate the twenty year sentence. Act 27, § 1, 1981 Haw. Sess. Laws 46. Defendant contends that the amended statute imposes an extended term for all persons sentenced under § 706-606(b) and, citing I Model Penal Code (MPC) § 7.06(1) (Official Draft and Revised Comments 1985) which states that only one extended term can be imposed in any sentencing, asserts that the trial court could not impose another extended term for the criminal property damage conviction and could not make that extended term run consecutive to the life term. He asserts that the "extended term" of life imprisonment establishes the ceiling for cumulating sentences for his offenses.

The simple answer to Defendant is that our penal code, HRS Title 37 (1976), does not contain the provision of the MPC cited by him. His argument that the present sentence for murder under HRS § 706-606(b) is an extended term within the meaning of our penal code is without merit. The extended term authorized under the penal code to be imposed by a sentencing judge is a sentence that enlarges the ordinary sentence for any given offense. In amending HRS § 706-606(b), the legislature did not provide for judicial enlargement of the prison term for murder, but merely provided for a longer ordinary term. Finally, contrary to Defendant's argument, HRS § 706-668 allows, without limitation, the sentencing judge discretion to impose consecutive sentences whenever he or she is imposing multiple sentences.

Affirmed.

---

[5]HRS § 706-668 (Supp. 1984) reads as follows:

Concurrent and consecutive terms of imprisonment.   When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court may be served concurrently or consecutively.

*Elvis R. Pila Patea* and *Richard W. Pollack*, Deputy Public Defenders, on the briefs for defendant-appellant.

*Artemio C. Baxa,* Deputy Prosecuting Attorney, County of Maui, on the brief for plaintiff-appellee.