951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew Lee DEVERE, Plaintiff-Appellant,
v.
Harold FALK, Defendant-Appellee.
 No. 90-16367.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Nov. 4, 1991.
Decided Dec. 20, 1991.
 
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Andrew Lee Devere, a state prisoner, appeals from the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. A jury convicted Devere of first-degree murder in a Hawaii state court. He was sentenced to life in prison with the possibility of parole.
 
 
 3
 Devere claims that his conviction was obtained in violation of the federal Constitution. He contends that he was denied the right to a fair trial under the due process clause of the Fourteenth Amendment because the state court admitted evidence of a psychiatrist's opinion regarding the credibility of other witnesses. We disagree and affirm.
 
 DISCUSSION
 
 4
 Devere contends that the state trial court erred in allowing a psychiatrist to testify concerning his opinion of the credibility of various witnesses. Devere argues that this error deprived him of his federal constitutional right to a fair trial under the due process clause of the Fourteenth Amendment.
 
 
 5
 We review de novo the denial of a petition for a writ of habeas corpus. Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir.1988); Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985). We begin our analysis by noting that we have no authority to review a state's application of its own laws. Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir.1990). As we stated in Jammal v. Van De Kamp, 926 F.2d 918 (9th Cir.1991), "[w]e are not a state supreme court of errors; we do not review questions of state evidence law." Id. at 919. On a petition for writ of habeas corpus, we consider only whether the petitioner's conviction violated constitutional norms. See Engle v. Isaac, 456 U.S. 107, 119 (1982) (state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held in custody in violation of the Constitution or laws or treaties of the United States); Milton v. Wainwright, 407 U.S. 371, 377 (1972) ("The writ of habeas corpus has limited scope; the federal courts do not sit to re-try state cases de novo but, rather, to review for violation of federal constitutional standards"); Jammal, 926 F.2d at 919; Ylst, 921 F.2d at 885; Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990); Kealohapauole v. Shimoda, 800 F.2d 1463, 1464-65 (9th Cir.1986), cert. denied 479 U.S. 1068 (1987); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir.1983). Therefore, the dispositive issue in this case is whether the admission of Dr. Hall's testimony rendered the trial so arbitrary and fundamentally unfair that it violated due process. Reiger v. Christensen, 789 F.2d 1425, 1430 (9th Cir.1986).
 
 
 6
 We conclude that the admission of the disputed testimony did not deprive Devere of due process. Dr. Hall did not directly testify as to the credibility of the testimony of witnesses at trial, thereby encroaching on the role of the jury. He testified concerning the data underlying his report. While Dr. Hall testified that he disregarded as unreliable the statements of a person who testified for the defendant, he was not commenting on that person's in-court testimony. The trial judge twice gave a cautionary instruction that Dr. Hall's testimony was not to be considered by the jury as evidence of the truth of his information; it was only to be considered as an explanation for the basis of his opinion. In light of those instructions, we cannot say that the admission of Dr. Hall's testimony rendered the trial arbitrary and fundamentally unfair.
 
 
 7
 We have also considered the effect of Dr. Hall's testimony in the context of the entire trial. After reviewing the record in this matter, we are persuaded that Dr. Hall's testimony did not deprive Devere of due process because Devere's own statement to the police, introduced at trial, provides sufficient evidence to conclude that he was not under emotional duress at the time of the killing. See Gutierrez, 695 F.2d at 1199 (defendant not deprived of due process by state court evidentiary ruling where his own statement of facts reveals that he was not under duress at the time of the killing).
 
 
 8
 The Hawaii Penal Code explains the emotional distress defense as follows:
 
 
 9
 In a prosecution for murder it is a defense, which reduces the offense to manslaughter, that the defendant was, at the time he caused the death of the other person, under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation. The reasonableness of the explanation shall be determined from the viewpoint of a person in the defendant's situation under the circumstances as he believed them to be.
 
 
 10
 Haw.Rev.Stat. § 707-702(2) (emphasis added). This defense is not available, however, where the defendant deliberately "set out to kill" his victim. State v. Russo, 734 P.2d 156, 160 (Haw.Sup.Ct.1987). As the court explained in State v. Tyquiengco, 723 P.2d 186 (Haw.Ct.App.1986):
 
 
 11
 [m]alice and heat of passion cannot coexist. The mere fact of passion on the part of the slayer will not reduce the crime from murder to voluntary manslaughter where he entertained a previous purpose to kill, unless it is made to appear that such purpose was abandoned before the homicidal act was committed.
 
 
 12
 Id. at 188 (citation omitted).
 
 
 13
 Devere's inculpatory statement to the police demonstrates that he deliberately set out to kill Boyer. In his second interview with the police following his arrest, Devere stated that he attempted to obtain a gun a week before the killing. When he was unable to obtain a gun, Devere stated that he decided to "take [Boyer] out some other way." Devere further told the police that he intended to wait until Boyer fell asleep before killing him, but Devere fell asleep first. The next morning Devere stood over Boyer's bed holding the hammer, but he stated that he was initially too scared to kill Boyer and put the hammer down. Finally, Devere stated that "I wasn't mad at him at the time that I did it.... But I knew I had to do it because.... later on ... I knew that I would, you know, I would forget about how he treated me."
 
 
 14
 In addition, none of Devere's proffered justifications for the killing constitute a reasonable explanation. Devere told the police that he killed Boyer because (1) Boyer was killing a friend of Devere's by supplying that friend with drugs; (2) Boyer embarrassed Devere and put him down in front of other people; (3) Boyer had developed a habit of farting in Devere's face; (4) Boyer once attacked Devere with a knife, slicing Devere's finger; (5) Boyer made Devere beg for drugs; and (6) on the morning that Devere killed Boyer, Boyer had refused to give Devere money to buy medication to soothe Devere's sore throat. Although the reasonableness calculation is made by "viewing the subjective, internal situation in which the defendant found himself and the external circumstances as he perceived them at the time, however inaccurate that perception may have been," State v. Dumlao, 715 P.2d 822, 830 (Haw.Ct.App.1986) (citation omitted), generalized anger at another person is not considered reasonable. See Tyquiengco, 723 P.2d at 188 (defendant not entitled to a manslaughter instruction where he killed the victim because she did not want to make love to him and she pointed an air rifle at him in order to get him off her property). Instead, a defendant's anger may be considered reasonable when, for example, short of severe mental illness, the defendant suffers from persistent delusions or pathological emotions directed at the victim. Dumlao, 715 P.2d at 831-32 (defendant entitled to manslaughter instruction in a trial for the killing of his wife where he was diagnosed as having an extreme and irrational jealousy concerning his wife for many years).
 
 
 15
 The record does not support Devere's contention that the admission of the psychiatrist's statement violated due process. Devere's own statements amply demonstrated that he acted with premeditation and that he did not suffer from extreme mental and emotional disturbance. Accordingly, we AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3