**James KEALOHAPAUOLE,
Petitioner-Appellant,**

v.

**Edwin SHIMODA and the Attorney
General, State of Hawaii,
Respondents-Appellees.**

**No. 85–2838.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 1986.

Decided Sept. 29, 1986.

As Amended Oct. 28, 1986.

Earle A. Partington, Honolulu, Hawaii, for petitioner-appellant.

Peter Michael Wilkens, Deputy Pros. Atty., Honolulu, Hawaii, for respondents-appellees.

Before KENNEDY, REINHARDT and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

James Kealohapauole ("Kealohapauole") appeals the district court's denial of his petition for writ of habeas corpus challenging his conviction for murder and for hindering prosecution in the first degree. Kealohapauole contends that the videotape recording of the second autopsy performed on the victim should not have been admitted by the state trial court because it was prejudicial resulting in a denial of his due process rights. We disagree and affirm.

**I**

**FACTS AND PROCEEDINGS BELOW**

On or about July 29, 1977, Benny Madamba died from a blow to the head which fractured his skull. On August 19, 1977, Madamba's badly decomposed body which was wrapped in bedding, was found in a canefield near Keaau, Hawaii.

Kealohapauole, along with three other co-defendants, was indicted on September 28, 1977, in Hilo County, Hawaii, for the offenses of murder, hindering prosecution in the first degree and conspiracy to commit both of the preceding. After an eight-week trial, Kealohapauole was convicted on May 31, 1978, of murder, receiving a sentence of life imprisonment with the possibility of parole, and a concurrent sentence of five years for hindering prosecution in the first degree.

At trial in Hawaii state court, the court, after viewing it outside the presence of the jury, admitted into evidence the videotape

recording of the second autopsy performed on the victim. Defense counsel objected to its admission. The videotape was in black and white and approximately 45-minutes in length. It was shown to the jury without soundtrack, but with live commentary by a pathologist, Dr. Anthony Steven Woo, Jr.

Kealohapauole argues that the videotape lacked probative value, was highly inflammatory, and that the state could have shown the cause of death by using other admitted evidence, *viz*, the victim's skull and photographs of the victim's skull.[1]

The petitioner has exhausted his available state remedies. The Hawaii Intermediate Court of Appeals affirmed the trial court's decision. *State v. Ahlo, et al.*, 2 Hawaii Ct.App. 462, 634 P.2d 421 (1981) (per curiam). Kealohapauole's petition for writ of certiorari to the Hawaii Supreme Court was denied. *State v. Ahlo, et al.*, 64 Hawaii 689 (1981). The United States Supreme Court also denied his certiorari petition. *Ah Lo, et al. v. Hawaii*, 456 U.S. 981, 102 S.Ct. 2252, 72 L.Ed.2d 858 (1982).

Kealohapauole filed a petition for writ of habeas corpus in the United States District Court for the District of Hawaii on October 26, 1982. The district judge denied his petition on July 29, 1985. On November 18, 1985, the district court issued a certificate of probable cause pursuant to 28 U.S.C. § 2253 (1971) and Fed.R.App.P. 22(b).

**II**

**ANALYSIS**

A. *Jurisdiction*

 The State of Hawaii argues that in a habeas proceeding we lack jurisdiction to review the state trial court's admission of the videotape. We disagree.

 A state prisoner can obtain relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States."

---

**1.** Six photographs, two in color, and four in black and white, of the victim's skull, were admitted into evidence by the trial court. Their admissibility is not contested on this appeal.

The petitioner must allege a deprivation of federal rights to obtain habeas relief. *Engle v. Issac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982). If Kealohapauole had challenged only the state court's evidentiary ruling, he would have alleged no deprivation of federal rights. However, Kealohapauole claims that the admission of the videotape recording deprived him of due process under the fourteenth amendment,[2] which is a cognizable claim under § 2254. *Gutierrez v. Griggs,* 695 F.2d 1195, 1198 (9th Cir.1983). Consequently, we must determine whether the denial of his petition on his due process claim was proper.

### B. *Standard of Review*

■ We review *de novo* a district court's decision on a petition for writ of habeas corpus. *Weygandt v. Ducharme,* 774 F.2d 1491, 1492 (9th Cir.1985); *Chatman v. Marquez,* 754 F.2d 1531, 1533–34 (9th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 124, 88 L.Ed.2d 101 (1985).

### C. *Probative Value of the Tape Recording*

■ The factual findings of a state court challenged in a habeas proceeding are presumed correct under 28 U.S.C. § 2254(d). *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981); *Austad v. Risley,* 761 F.2d 1348, 1350 (9th Cir.) (en banc), *cert. denied,* — U.S. —, 106 S.Ct. 163, 88 L.Ed.2d 135 (1985). The burden is on the petitioner, Kealohapauole here, to establish certain defects to overcome this presumption. *Id.*

The Hawaii Intermediate Court of Appeals found, and the district court relied on that finding, that the videotape recording was probative on the issue of the cause of the victim's death. The victim's body was apparently badly decomposed when discovered, and since Kealohapauole refused to stipulate that the victim's death was caused by blows to the victim's head, the state sought to introduce the only evidence available to show the absence of any other known cause of death. The Hawaii court stated "[i]t was impossible, because of the condition of the body, for the state to establish whether or not there were also possibly fatal wounds to the nonskeletal parts of the victim's anatomy." *State v. Ahlo, et al.,* 2 Hawaii Ct.App. at 467, 634 P.2d at 425. One of the two pathologists in the case, Dr. Woo, testified that the videotape recording was the best type of available evidence to aid in explaining his testimony to the jury that the cause of the victim's death was a blow to the head with a blunt instrument. Dr. Woo stated that the videotape best illustrated the discoloration and fracture of the victim's skull, which led to Dr. Woo's conclusion that trauma in the skull had occurred as the result of a blow to the head with a blunt instrument. Although the skull was introduced into evidence, the videotape better illustrated the discoloration as Dr. Woo stated that the stain on the skull had faded significantly since the autopsy. Dr. Woo also testified that the videotape would demonstrate the thoroughness of the pathologist's examination of the victim.

### D. *Due Process Claim*

■ Denial of due process in a criminal trial "is the failure to observe that fundamental fairness essential to the very concept of justice. . . . [W]e must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." *Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166 (1941) (a coerced confession admitted in evidence is contrary to due process). Unless fundamental fairness is abridged, federal court interference is unwarranted. *Chavez v. Dickson,* 280 F.2d 727, 735 (9th Cir.1960), *cert. denied,* 364 U.S. 934, 81 S.Ct. 379, 5 L.Ed.2d 366 (1961).

---

**2.** Although Kealohapauole's habeas petition does not specifically allege a denial of due process under the fourteenth amendment, his memorandum in support of the writ does, and the district court stated in its order denying the petition that the issue of denial of due process was the "sole question" to be determined.

At trial, based upon Dr. Woo and Dr. Majoska's testimony, the prosecution argued that the videotape was probative on the issue of the cause of the victim's death. Kealohapauole contends that the probative value of the videotape was outweighed by the danger of inflaming the jury against him under Hawaii R.Evid. 403.

We cannot disturb the state trial court's admission of the videotape recording on due process grounds in a habeas proceeding unless the admission of the photographs rendered the trial fundamentally unfair. *Batchelor v. Cupp*, 693 F.2d 859, 865 (9th Cir.1982), *cert. denied*, 463 U.S. 1212, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983) (admission of photographs exposing victim's genital area and lower body where there were no wounds did not render the trial fundamentally unfair). The district court did not err in finding that the admission of the videotape recording was not fundamentally unfair. As the district court stated:

> [W]hile the videotape was not pleasant to watch, the court finds that it was not inflammatory nor gruesome as it was presented to the jury (i.e., in black and white without sound, and accompanied by Dr. Woo's medical testimony). Its admission and publication to the jury, therefore, did not render the trial so fundamentally unfair as to amount to a denial of petitioner's constitutional right to due process.

(Excerpt of Record at 207).

A review of the videotape indicates as noted by the district court that it is not pleasant to watch; however, it is in most part clinical in nature and is much clearer than the photographs introduced in evidence in showing the injury to the skull which is relied upon heavily by the pathologists in determining the cause of death. The videotape was taken in what appears to be an autopsy room, not at the scene of the crime. The autopsy procedure does not in itself cause the viewer to associate the process being watched in any way with the defendant, the scene of the crime, or the graphics of the murder. The videotape is unpleasant but not inflammatory. The portion of the videotape showing the pathologist inspecting the skull is of great probative value as it shows more clearly than the photos or the dried skull, the pathology relied upon by the doctors in making their determination of the cause of death. Admission of the autopsy tape did not inject an element of unfairness into the petitioner's trial.

## CONCLUSION

The judgment of the district court denying Kealohapauole's petition for writ of habeas corpus is affirmed on the merits.