951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cecil L. NORTON, Petitioner-Appellant,
v.
David B. FROHNMAYER, Attorney General for the State of
Oregon; R.G. Borg, Warden of New Folsom Prison,
Respondents-Appellees.
 No. 91-35173.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1991.
Decided Dec. 26, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cecil Norton was convicted in Oregon state court of aggravated murder, kidnapping, and rape. Norton appealed his conviction, maintaining that the trial judge improperly questioned a key defense witness at his trial, that his main alibi witness improperly bolstered his testimony by referring to a polygraph test he had taken, that the trial court erroneously admitted a videotape reenactment of the murder scene, and that there was insufficient evidence to sustain his conviction. His conviction was affirmed by the Oregon appellate courts without opinion. State v. Norton, 727 P.2d 631 (Or.Ct.App.), review denied, 728 P.2d 867 (Ore.1986). Norton then filed a habeas corpus petition in federal court. The district court granted the State's motion for summary judgment and dismissed Norton's petition. Norton appeals. We affirm.
 
 I.
 
 3
 Norton alleges that the state trial judge unconstitutionally interfered at his trial by questioning a defense expert in a prejudicial manner that demonstrated actual bias in favor of the prosecution. Norton argues that the test for determining whether the trial judge intervened in a manner that deprived Norton of a fundamentally fair trial is whether the record either discloses actual bias on the part of the trial judge or leaves the reviewing court with an abiding impression that the judge's remarks and questioning of the witness projected to the jury an appearance of advocacy or partiality. United States v. Mostella, 802 F.2d 358, 361 (9th Cir.1986).
 
 
 4
 On habeas review, the district court concluded that Norton's right to a fundamentally fair trial had not been violated because the trial judge was only attempting to clarify the testing conditions for the purpose of ruling on the admissibility of the evidence. Our review in federal habeas cases is for the purpose of determining whether due process has been violated. Lincoln v. Sunn, 807 F.2d 805, 808 (9th Cir.1987). A mere technical violation of state procedural law does not, by itself, support a claim for federal habeas relief. See Kealohapauole v. Shimoda, 800 F.2d 1463, 1465 (9th Cir.1986), cert. denied, 479 U.S. 1068 (1987).
 
 
 5
 We agree with the district court that the trial judge was only attempting to clarify the testing conditions for the purpose of ruling on the admissibility of the evidence. It is entirely proper for a trial judge to examine a witness for that purpose. See United States v. Allsup, 566 F.2d 68, 72 (9th Cir.1977). The trial court's questioning of the defense expert here was not so significant or prejudicial as to violate Norton's due process right to a fundamentally fair trial. We affirm the district court on this issue.[1]
 
 II.
 
 6
 Norton's defense at trial was based on his alibi that he was with James Taylor cutting wood on October 6, 1983. Taylor first told police that he regularly cut wood with Norton to earn money and that they had cut wood together on October 6. However, at trial, Taylor testified that on October 6 he was working on his car at home. Norton alleges that Taylor changed his story as a result of repeated pressure by police for him to remember what happened the day of the murder. During cross-examination, on three separate occasions, Taylor testified that he had taken a polygraph examination to prove that he could not remember what happened that day. Defense counsel objected after the third occasion and moved for a mistrial, which the court denied. The court instructed the jury that they were to disregard all references to a polygraph test. It also ordered that the testimony be striken from the record. The district court ruled that Taylor's references to the polygraph test were harmless error and that any prejudice to petitioner was removed by the trial judge's curative instruction.
 
 
 7
 Our review concerns whether Norton's constitutional right to a fundamentally fair trial was infringed. Where such a polygraph reference is not to a defendant failing or refusing to take a polygraph, an instruction to disregard the reference is sufficient to cure any potential prejudice if it meets the nonconstitutional error test. United States v. Miller, 874 F.2d 1255, 1263 (9th Cir.1989).
 
 
 8
 Taylor's references to a polygraph examination purported to prove that he did not know what was happening on the day in question. Norton argues that because Taylor was called as a prosecution witness and had changed his story to the detriment of Norton, the jury could have concluded that the polygraph results were the reason the prosecution called Taylor and that his statements made during the polygraph were the most truthful. Taylor's testimony about Norton's alibi was inconsistent. However, the jury did not need to infer the result of the polygraph examination in order to judge the credibility of Taylor. The jury had observed Taylor during lengthy direct and cross-examination. The reference to the exam thus was not critical to the jury's evaluation of Taylor's credibility.
 
 
 9
 Further, Donna Taylor, James Taylor's wife, testified that she was visiting Norton's girlfriend, Kathy Saunders, on October 6, and that her husband stopped by that day, but that Norton was not seen with him. Taylor's co-worker, Linda Nipper, also testified as to the whereabouts of Norton on October 6. Taylor's testimony was cumulative, not critical. His was not the testimony of a lone eye-witness. The curative instruction given by the trial judge dissipated any potential prejudice to Norton. The motion for a mistrial was properly denied.
 
 III.
 
 10
 Norton alleges that the trial court erroneously permitted the introduction of a videotape reenactment without requiring that the conditions be substantially similar to those existing when the crime was committed. When the police acquired Norton's vehicle, the splashguard on one of the rear wheels was bent out of its proper position. After obtaining the car, the state police realigned the splashguard and returned to the murder scene to see if driving the car along the route, which included going through a ditch, would bend the splashguard back out of its proper position. The results of the test were in accord with the prosecution's theory. The prosecution sought to introduce the videotaped reenactment to the jury and the defense objected. The trial judge determined that the conditions of the crime scene on the date of the videotape reenactment were substantially similar to the day of the murder. The district court held that no due process error had occurred, agreeing with the trial court that the conditions between the time the murder took place and the date of the videotape reenactment were substantially similar.
 
 
 11
 We agree with the district court that it was not a denial of Norton's due process rights to admit the videotaped reenactment.
 
 IV.
 
 12
 Finally, Norton argues that there was insufficient evidence to convict him, because the evidence was too tenuous and speculative for the jury to find him guilty beyond a reasonable doubt. The established constitutional review of a conviction obtained in state court is whether, when the evidence is viewed in the light most favorable to the government, any rational trier of fact could have found Norton guilty beyond a reasonable doubt. See United States v. Loya, 807 F.2d 1483, 1486 (9th Cir.1987).
 
 
 13
 The district court ruled that the evidence was sufficient and cited the evidence necessary to support Norton's conviction for murder, kidnapping, and rape. After a review of the evidence, we agree that all the elements necessary for Norton to be convicted of aggravated murder, kidnapping and rape are satisfied. Norton's contentions about the tenuous and speculative nature of the evidence lack merit. We agree that a rational trier of fact could have found Norton guilty beyond a reasonable doubt.
 
 V.
 
 14
 We affirm the judgment of the district court denying Norton's petition for habeas corpus.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not decide what standard of review applies to assess whether the trial judge's intervention violated due process because, even assuming the strictest standard--actual bias--Norton cannot prevail. The trial judge's disclosure of doubt concerning the relevance of the proposed exhibits, photographs, was not prejudicial in view of the fact that they were ultimately admitted and the jury was given a curative instruction regarding the nature and purpose of the judge's questions