956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David B. COOPER, Petitioner-Appellant,
v.
Frank SAUSER, Superintendent, Respondent-Appellee.
 No. 91-35297.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1992.
Decided Feb. 14, 1992.
 
 Before HUG, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Cooper was convicted of first-degree murder by the Superior Court for the State of Alaska. The Alaska Court of Appeals affirmed that conviction. The Alaska Supreme Court denied Cooper's petition for review. Cooper then filed a petition for a writ of habeas corpus in the United States District Court for the District of Alaska. The district court denied the petition. It then issued a certificate of probable cause and Cooper appealed the denial of the writ. We affirm.
 
 
 3
 Cooper did not deny shooting Wheeler. At trial, Cooper claimed he had killed Wheeler in self-defense. Cooper asked the court to take judicial notice of Washington State records showing that, prior to Wheeler's death, Washington had charged Wheeler with felony assault and misdemeanor assault and had issued a warrant for his failure to appear in court. Wheeler had never been convicted of these charges. Cooper wanted to introduce these charges to prove that Wheeler had been the aggressor. Cooper also wanted to use this evidence to corroborate his testimony that Wheeler had told him of these charges. Cooper argued that he had acted reasonably in shooting Wheeler because, based on his knowledge of the charges, he reasonably believed that Wheeler was a violent person who would kill him. Cooper contends that the district court's refusal to take judicial notice of these charges violated the Due Process Clause.
 
 
 4
 A criminal defendant's right to due process involves the right to a fair opportunity to defend oneself against the State's charges. Chambers v. Mississippi, 410 U.S. 284, 294 (1973). A court's evidentiary ruling constitutes a violation of the defendant's due process rights when the ruling renders the trial fundamentally unfair. Kealohapauole v. Shimoda, 800 F.2d 1463, 1466 (9th Cir.1986), cert. denied, 479 U.S. 1068 (1987); Butcher v. Marquez, 758 F.2d 373, 378 (9th Cir.1985).
 
 
 5
 A refusal to admit irrelevant evidence cannot render a trial unfair. Criminal charges that have not led to convictions do not constitute proof that the person charged actually committed the conduct charged. Therefore, the charges against Wheeler are not probative of Wheeler's aggressiveness. The charges cannot prove that Wheeler was the aggressor on the night he was killed. Thus, the district court did not violate Cooper's due process rights when it refused to admit evidence of the charges for the purpose of proving that Wheeler was the aggressor.
 
 
 6
 The district court was not required to admit evidence of the charges. The charges themselves are not relevant to whether Cooper reasonably believed that Wheeler was an aggressive person. In determining whether a defendant reasonably believed the victim was an aggressive person, it is the defendant's knowledge of the victim's propensity for violence that is relevant, not the victim's actual propensity for violence.
 
 
 7
 Cooper argues, however, that evidence that charges had been filed against Wheeler would have corroborated Cooper's own testimony that Wheeler had told him about the charges. However, the testimony that Cooper sought to corroborate was not very probative of Cooper's belief that Wheeler was aggressive. Cooper sought corroboration of his belief that there were assault charges pending against Wheeler, not that Wheeler had actually committed assault. Knowledge that someone has committed assault is much more probative than knowledge that someone has been charged with assault. A belief that someone has been charged with assault should not necessarily lead one to believe that the person charged is an aggressive person.
 
 
 8
 Even if the charges were relevant, this evidence would have been cumulative. Cooper's fishing partner, Donald Ball, had already testified that Wheeler had talked about the charges pending against him. There was no reason for the jury to question Ball's testimony since he had been the one to contact the Alaska State Troopers about the shooting, and had been the State's primary witness at trial. Therefore, the court's refusal to admit the charges for corroborative purposes was not fundamentally unfair. See United States v. Alessio, 528 F.2d 1079, 1082 (9th Cir.), cert. denied, 426 U.S. 948 (1976) (trial not unfair when testimony sought by appellant would have been cumulative of other testimony).
 
 
 9
 To the extent the charges were relevant, they were cumulative. Therefore, the trial court's refusal to admit the evidence did not render Cooper's trial fundamentally unfair in violation of his due process rights.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3