981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BURGESS, Petitioner-Appellant,
v.
James GOMEZ, Director, California Department of Corrections,
Respondent-Appellee.
 No. 92-55100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Dec. 8, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Burgess appeals from the denial of his state prisoner petition for a writ of habeas corpus. Burgess contends that he was deprived of his federal constitutional rights in the state court proceedings in the following respects: one, the admission of his prior misdemeanor conviction for soliciting a prostitute violated due process; two, the prosecutor's misconduct deprived him of his right to a fair trial; three, the exclusion of evidence that the victim had cocaine in his system when he was shot deprived him of due process; four, the evidence was insufficient to prove that he acted with malice when he shot the victim; five, the cumulative effect of these violations deprived him of a fair trial. We affirm.
 
 I. PRIOR MISDEMEANOR CONVICTION
 
 3
 Burgess claims that the state court erred in admitting prosecution impeachment evidence showing that he had a prior misdemeanor conviction for soliciting a prostitute. The state court admitted this evidence after Burgess testified that he did not ask a prostitute, Rene Watkins, if she was a police officer and that he had no reason to fear she was a police officer. The state offered evidence of the prior misdemeanor conviction to prove that this testimony was false.
 
 
 4
 "A habeas petitioner who challenges a state court's admission into evidence of prior acts of misconduct is not entitled to habeas corpus relief unless the state court's admission of this evidence violated the petitioner's federal due process right to a fair trial under the Constitution." Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990). We must determine whether the admission of evidence of the prior conviction so "fatally infected the proceedings as to render them fundamentally unfair." Jammal v. Van De Kamp, 926 F.2d 918, 919 (9th Cir.1991).
 
 
 5
 Burgess asserts that evidence of his prior misdemeanor conviction permitted the jury to infer that he was a bad person who was therefore more likely to be guilty than a person without a criminal record. We have previously held that it is not constitutional error to introduce evidence that allows some permissible inferences and some impermissible inferences. Id. at 920. "Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process. Even then, the evidence must 'be of such quality as necessarily prevents a fair trial.' " Id. (quoting Kealohapauole v. Shimoda, 800 F.2d 1463, 1465 (9th Cir.1986), cert. denied, 479 U.S. 1068 (1987). Here, the challenged evidence could give use to permissible inference that the defendant was lying when he testified that he did not ask Rene Watkins if she was a police officer.
 
 II. PROSECUTORIAL MISCONDUCT
 
 6
 Burgess alleges that the state prosecutor argued with him during cross-examination, "grunted" in response to his answers, and impugned the integrity of the judge and defense counsel. More specifically, he alleges that the prosecutor consistently asked argumentative questions that were objected to by his counsel and sustained by the court. He alleges that the most egregious argumentative questions involved the prosecutor's suggestion that Burgess had misstated what happened the night of the shooting. For example, the prosecutor asked: "Mr. Burgess, do you in any way change your approximation of the distance now, because of the fact that you might be able to have seen the driver at ten feet?" The prosecutor later asked: "Mr. Burgess, have you in any way tried to conform your drinking pattern to make it look like all the drinks or alcohol in your system at 7:00 was accrued after the shooting?" Defense counsel objected to both questions as argumentative. The court sustained the objections. At one point in the trial the judge admonished the prosecutor to refrain from asking argumentative questions.
 
 
 7
 Burgess also claims that the prosecutor accused his counsel of bad faith in asking a question that challenged the credibility of Rene Watkins. After defense counsel asked Watkins about her prior statement to the police, the prosecutor objected on the grounds that the question misstated the evidence. He further stated, "I think there has to be some good faith in the question asked." Burgess claims that the prosecutor also objected to a different question and stated that defense counsel was "cueing the witness." The record reveals that the prosecutor did not complete his question because defense counsel objected to his statement. The record shows that the prosecutor stated, "I would ask that counsel make a legal objection and not cue--." Further, after a conference outside the presence of the jury, the prosecutor asked Burgess in the presence of the jury, "You know now that certain evidence is going to come in, don't you?" The jury was instructed to disregard the question.
 
 
 8
 At the end of the trial, the jury was instructed as follows: "Statements made by attorneys during the trial are not evidence." The jury was also admonished that "as to any question to which an objection was sustained, you must not guess what the answer might have been or the reason for the objection."
 
 
 9
 The appropriate standard of review for a claim of prosecutorial misconduct on a writ of habeas corpus is " 'the narrow one of due process, and not the broad exercise of supervisory power.' " Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974)). This court must examine the entire proceedings to decide whether the alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).
 
 
 10
 We conclude that the prosecutor's conduct did not deny Burgess a fair trial. The record shows that the prosecutor grunted in response to the answers of all the witnesses, including witnesses for the prosecution. Objections to the prosecutor's argumentative questions were sustained by the court. Further, the jury was instructed at the end of trial that statements by the attorneys were not evidence. The court's instructions to disregard the prosecutor's statements as evidence ameliorated any prejudice from the prosecutor's argumentative questions. See Darden, 477 U.S. at 182 (whether jury was instructed to disregard statements of counsel is factor to consider in determining if prosecutor's conduct caused an unfair trial); see also Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987) (jury is presumed to follow instructions to disregard inadmissible evidence unless there is overwhelming probability that the jury is unable to do so).
 
 
 11
 Burgess has failed to demonstrate that the prosecutor impugned the integrity of the defense counsel. The record shows that the prosecutor accused defense counsel of asking questions he knew were improper, and that he attempted to object on the ground that defense counsel was cueing the witness. This type of comment is to be expected in the give and take between advocates in a criminal proceeding. It does not demonstrate a violation of due process.
 
 III. EXCLUSION OF EVIDENCE
 
 12
 Burgess argues that the court's exclusion of evidence that the victim, Bob Fiebrantz, had cocaine in his system at the time of his death violated due process. Burgess offered the evidence to support his claim that Fiebrantz was in an "excited" state, and to impeach Brad Tunby's claim that he and Fiebrantz had not ingested any drugs on the day of the shooting.
 
 
 13
 We use a balancing test to determine whether due process has been violated by the exclusion of a defendant's proffered evidence. Perry v. Rushen, 713 F.2d 1447, 1450 (9th Cir.1983), cert. denied, 469 U.S. 838 (1984). We must balance the importance of the evidence to the defense against the state's interest in exclusion. In Perry, we described this task as follows:
 
 
 14
 In evaluating the significance of the evidence, the court should consider all of the circumstances: its probative value on the central issue, its reliability, whether it is capable of evaluation by the finder of fact, whether it is the sole evidence on the issue or merely cumulative, and whether it constitutes a major part of the attempted defense.
 
 
 15
 Id. at 1452-53.
 
 
 16
 Evidence that Fiebrantz had consumed cocaine would not have exonerated Burgess, nor was it a major part of his defense. The central issue in the case was whether Burgess intentionally or accidentally killed Fiebrantz. Whether Fiebrantz had cocaine in his body was a collateral issue. Further, the evidence would have been cumulative. Both Watkins and Tunby testified that Fiebrantz was acting in an excited manner. In addition, the expert could only testify that cocaine could cause "excitation." The expert could not state that Fiebrantz was in an excited state on the night of his death.
 
 
 17
 The state's interest in excluding the evidence was strong. California Evidence Code section 352 provides that a court may, in its discretion, exclude evidence "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." The evidence's slight probative value did not outweigh the state's interest in excluding evidence that would prolong the trial and distract the jury from its essential task of deciding whether Burgess intentionally killed Fiebrantz. The exclusion of the evidence did not deprive Burgess of his right to due process.
 
 IV. SUFFICIENCY OF THE EVIDENCE
 
 18
 Petitioner next argues that there was insufficient evidence to support the jury's finding that he acted with malice. Malice is a necessary element of second degree murder in California. Cal.Penal Code §§ 187, 189 (West 1988).
 
 
 19
 In a habeas corpus proceeding, the reviewing court must view the evidence in the light most favorable to the prosecution to determine if sufficient evidence existed to support the conviction. Jackson v. Virginia, 443 U.S. 307, 319 (1979). It must then determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.
 
 
 20
 Two witnesses testified that petitioner deliberately aimed his gun at the victim and Tunby and fired it. This evidence was sufficient to support the jury's finding of malice.
 
 V. CUMULATIVE EFFECT OF ERRORS
 
 21
 Petitioner argues that the cumulative effect of the errors he alleges denied him a fair trial. We have concluded that Burgess has failed to demonstrate constitutional error. Accordingly, this contention is meritless.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3