15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Csaba MESTERHAZY, Defendant-Appellant.
 No. 93-10002.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1993.*
Decided Dec. 17, 1993.
 
 Before: LAY,** HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 FACTS
 
 2
 Csaba Mesterhazy was convicted of one count of conspiracy to defraud and aiding and abetting, in violation of 18 U.S.C. Secs. 371 and 2. In this appeal he argues he was denied effective assistance of counsel and due process because his trial counsel failed to object, move for a mistrial, or ask the court for a curative instruction after the introduction of evidence which Mesterhazy claims was irrelevant and prejudicial.
 
 
 3
 We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 STANDARD OF REVIEW
 
 4
 Although we generally prefer that appellants raise ineffective assistance of counsel claims in habeas proceedings, we may decide the issue on direct appeal where, as here, "the record is sufficiently complete to allow us to decide the issue." United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991) (citing United States v. O'Neal, 910 F.2d 663, 663 (9th Cir.1990)). Accord United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.1993).
 
 
 5
 Whether a defendant was denied effective assistance of counsel is a question we review de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991).
 
 DISCUSSION
 
 6
 In order to show ineffective assistance of counsel, a defendant must establish that (1) counsel's performance was so deficient that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's "deficient performance prejudiced the defense" in that counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1983).
 
 
 7
 Under the first prong of Strickland, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688.
 
 
 8
 Here, counsel's assistance was reasonable. Mesterhazy admits that "[d]efense counsel indeed had a well-conceived and executed trial strategy." [Appellant's Reply Brief pp. 7-8.] The evidence Mesterhazy objects to was relevant to show how the investigation began, give the jury a complete picture of the conspiracy and investigation, show trust within the conspiracy because the co-conspirators had the bond of the same background, explain the cooperating witness' role to the jury, and enable the jury to understand the code language in the tape recorded conversations. Even if the evidence was irrelevant or prejudicial, there were strategic reasons why defense counsel may not have wanted to object to the admission of the evidence. Since co-conspirator statements incriminated Mesterhazy, defense counsel attempted to weaken the co-conspirators' credibility. Failing to object to testimony linking them to criminal activity and lies was consistent with this strategy. Furthermore, trial lawyers are reluctant to make frequent objections because the jury may think they have something to hide.
 
 
 9
 Under the prejudice prong of Strickland, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In deciding this question, we "consider the totality of the evidence." Id. at 695.
 
 
 10
 There was no reasonable probability that if defense counsel would have objected to the evidence at issue the jury would have acquitted Mesterhazy. The prosecution's case was not based primarily on the evidence that Mesterhazy argues was objectionable. Other evidence presented to the jury strongly implicated Mesterhazy in the insurance fraud scheme. Nor do we find the exception to the Strickland standard created in United States v. Cronic, 466 U.S. 648 (1984), applicable to this case. The alleged infirmities in defense counsel's conduct do not begin to approach the level necessary to cause an "actual breakdown in the adversarial process at trial." United States v. Baldwin, 987 F.2d 1432, 1438 (9th Cir.), cert. denied, 113 S.Ct. 2948 (1993).
 
 
 11
 We conclude that Mesterhazy was not denied effective assistance of counsel.
 
 
 12
 Mesterhazy also alleges that the admission of the challenged evidence violated due process. We disagree. The admission of evidence violates due process only if "there are no permissible inferences the jury may draw from the evidence.... Even then, the evidence must 'be of such quality as necessarily prevents a fair trial.' " Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir.1991) (citing Kealohapauole v. Shimoda, 800 F.2d 1463, 1465 (9th Cir.1986), cert. denied, 479 U.S. 1068 (1987)).
 
 
 13
 Here, the challenged evidence consists of testimony that the investigation also included stolen property and illegal drugs, references to Mesterhazy's Hungarian nationality, a statement about getting bad people off the street, a conversation about a kickback scheme, and references to White Michelins. This evidence, even if objectionable and even if a jury could draw no permissible inferences from it, was not of the quality that necessarily prevented a fair trial.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3