46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jay Dee BREAZEALE, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Respondent-Appellee.
 No. 94-35092.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 13, 1995.*
Decided: Jan. 31, 1995.
 
 1
 Before: PREGERSON and TROTT, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jay Dee Breazeale is a Kansas state prisoner incarcerated in the Oregon State Penitentiary pursuant to the terms of the Interstate Corrections Compact between Oregon and Kansas. Breazeale appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition challenging his Kansas convictions for attempted burglary, aggravated burglary, unlawful possession of a firearm, attempted rape, and aggravated sodomy.[1]
 
 
 4
 Breazeale contends the trial court violated his due process rights by consolidating five separate incidents in one trial and by admitting his prior Colorado rape convictions on the issue of identity. We have jurisdiction under 28 U.S.C. Secs. 1291, 2253 and review de novo. See, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994). We affirm.
 
 I. Admission of Prior Conviction
 
 5
 Breazeale contends that the trial court erred in determining that Breazeale's prior Colorado convictions for rape were admissible to prove identity. "A habeas petitioner who challenges a state court's admission into evidence of prior acts of misconduct is not entitled to habeas relief unless the state court's admission of this evidence violated the petitioner's federal due process right to a fair trial under the Constitution." Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990). We must determine whether the admission of evidence of the prior conviction so "fatally infected the proceedings as to render them fundamentally unfair." Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991).
 
 
 6
 Kansas Statutes Annotated section 60-455 provides for the exclusion of evidence tending to demonstrate the defendant's general disposition to commit crime reads as follows:
 
 
 7
 Subject to K.S.A. 60-477 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 8
 In this case, the state trial court conducted a lengthy pretrial hearing and counsel filed extensive briefs discussing the application of Kansas's test for admissibility. Through this process, appropriate considerations on both sides of the balance were carefully weighed. The state trial court determined the testimony was relevant to prove identity and gave an explicit limiting instructions prior to the testimony, and at the close of the case. The Kansas Supreme Court reviewed this identical issue and found that the hearing and the subsequent admission of the prior crimes was consistent with Kansas law. State of Kansas v. Breazeale, 714 P.2d 1356, 1362 (Kan.), cert. denied, 479 U.S. 846 (1986). We have previously held that it is not constitutional error to introduce evidence that allows some permissible inferences and some impermissible inferences. Id. at 920. "Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process." Even then, the evidence must 'be of such quality as necessarily prevents a fair trial."' Id. (quoting Kealohapauole v. Shimoda, 800 F.2d 1463, 1465 (9th Cir. 1986), cert. denied, 479 U.S. 1068 (1987). Given the limiting instructions, and the admissibility under Kansas law, we do not find the admission of the identification evidence rises to the threshold of a Constitutional due process violation.
 
 II. Consolidation of Cases
 
 9
 Breazeale next contends that the trial court denied him a fair trial by refusing to sever the trial of multiple, seemingly unrelated counts. To warrant federal habeas relief, joinder must render the state trial fundamentally unfair. Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir. 1991). Joinder may prejudice a defendant if he presents separate defenses for the offenses or for other reasons. United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987). Joinder does not heighten prejudice, however, if all of the evidence of the separate counts would be admissible upon severance. Id.
 
 
 10
 Here, even if separate trials had been ordered, Kansas Statutes Annotated section 60-455 allowed the evidence from one case to be used in the others. Under Kansas law, joinder in the same complaint is proper if the crimes charged: (1) are of the same or similar character, (2) are based on the same act or transaction, or (3) are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Kan. Stat. Ann. Sec. 22-3202(1). In this case, the trial court instructed the jury that in order to establish intent in two of the cases, they could consider evidence from each of the other cases. Additionally, the court instructed the jury that evidence from all of the cases could be used to determine identity. Looking at these instructions, the Kansas Supreme Court determined, "[t]his evidence would have been allowed even if the trials had been separated." Breazeale, 714 P.2d at 1367. We also note that the jury acquitted the petitioner in one charge where he used an alibi defense. The existence of an acquittal demonstrates to our satisfaction that the jury was able to follow the court's instructions regarding the proper use of prior crimes evidence. Accordingly, the district court did not err by finding that the joint trial did not prejudice Breazeale and therefore did not render the trial fundamentally unfair. See also United States v. Quinn, 18 F.3d 1461, 1466-67 (9th Cir.) (finding that joinder of multiple charges not err where evidence from each charge was allowable to prove identity), cert. denied, 114 S. Ct. 2755 (1994).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The parties are familiar with the facts and we will not repeat them here. A thorough factual summary can be found in State of Kansas v. Breazeale, 714 P.2d 1356 (Kan.), cert. denied, 479 U.S. 846 (1986)