110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Geovanni ZEPEDA, Petitioner-Appellant,
v.
James GOMEZ, G. Smith, Respondents-Appellees.
 No. 95-17105.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1997.*
Decided April 1, 1997.
 
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Geovanni Zepeda, a California prisoner, appeals pro se from the district court's denial of his 28 U.S.C. § 2254 petition. He claims that his 1990 burglary conviction violated due process because the burglary charge was tried with an unrelated firearms charge. We disagree.
 
 A. Due Process
 
 3
 Zepeda argues that he was denied a fair trial because the joint trial caused the jury to hear about his prior convictions. The admission of evidence does not provide a basis for habeas relief unless it "so fatally infected the proceedings as to render them fundamentally unfair." Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991); see also Kealohapauole v. Shimoda, 800 F.2d 1463, 1466 (9th Cir.1986). In this case, virtually all of the evidence of prior crimes was introduced by Zepeda himself. Additionally, to the extent that Zepeda's claim goes beyond a mere evidentiary claim and is a claim that the joinder of the offenses made his trial unfair, ipso facto, we hold that the joint trial in this case did not create any fundamental unfairness. See Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir.1991). Indeed, far from being prejudiced, the jury actually found him not guilty on the felon in possession of a firearm count. There was no federal due process violation.
 
 B. Need for Evidentiary Hearing
 
 4
 Zepeda claims that the district court improperly denied him an evidentiary hearing on his petition. When the § 2254 motion and other documents in a case show that the facts are not in dispute, the district court does not abuse its discretion by denying an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1415 (9th Cir.1991); see also Bonin v. Calderon, 59 F.3d 815, 827 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). There are simply no factual questions here; Zepeda's claim is based on the legal effect of the established facts. The district court did not abuse its discretion. See Greyson, 937 F.2d at 1415.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3