**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD L. TIFFANY,<br><br>             Petitioner - Appellant,<br><br>   v.<br><br>JACK PALMER, Warden, et al.,<br><br>             Respondents - Appellees. | No. 08-16311<br><br>D.C. No. 3:04-CV-0635-RLH-RAM<br><br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Submitted December 14, 2010 [**]

Before:    SKOPIL, FARRIS, and LEAVY, Circuit Judges.

    Nevada state prisoner Edward Tiffany appeals from the district court's

judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to

28 U.S.C. § 2253, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**I**.

Tiffany contends his constitutional rights to confront adverse witnesses, to due process, and to a fair trial were violated when the state trial court admitted into evidence hearsay statements made by the child-victim to her mother and during videotaped police interviews. We reject those contentions.

Tiffany fails to demonstrate that the state court's admission of this hearsay evidence was contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). No Confrontation Clause violation occurred because the child-victim testified and was cross-examined at trial. *See California v. Green*, 399 U.S. 149, 157-64 (1970); *United States v. Valdez-Soto*, 31 F.3d 1467, 1470-71 (9th Cir. 1994). Likewise, Tiffany was not denied due process or a fair trial. *See Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (noting admission of evidence violates due process and prevents a fair trial "[o]nly if there are *no* permissible inferences the jury may draw from the evidence") (emphasis in original); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1466 (9th Cir. 1986) (noting admission of evidence violates due process only when it "rendered the trial fundamentally unfair"); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

## II.

We decline to certify for appeal the uncertified issue raised in Tiffany's brief as he has not made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (per curiam).

**AFFIRMED**.