FILED

MAR 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STAR MONIQUE VAN POOL,

Petitioner-Appellant,

v.

RON KENAN, Warden,

Respondent-Appellee.

No. 10-55870

D.C. No. 5:07-cv-01224-GW-JTL

MEMORANDUM[*]

Appeal from the United States District Court for the
Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted March 7, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KOBAYASHI, District
Judge.[**]

Petitioner-Appellant Star Monique Van Pool appeals the district court's

denial of her 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging her

conviction for assault with a deadly weapon and carjacking, both committed for the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

benefit of a criminal street gang. Van Pool asserts that (1) during her trial, the prosecutor improperly vouched for the credibility of a witness, Eric Thomas; (2) her trial counsel's failure to object to that vouching amounted to ineffective assistance of counsel; (3) the prosecutor committed misconduct by making an allegedly threatening statement to a witness, Leonore Lettman, outside of the jury's presence; and (4) her due process rights were violated when witness Eric Thomas was permitted to testify as to how females are initiated into the Raymond Avenue Crips gang. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

**1.** As to Van Pool's first claim, the California Court of Appeal reasonably concluded that the prosecutor's statements did not rise to the level of impermissible "vouching." The court reasonably concluded that such statements were an attempt to convince the jury to, in the prosecutor's words, "look at all the evidence in this case," and to reject anticipated arguments that Eric Thomas was the actual perpetrator of the crimes, who had been enticed by the plea deal to testify against Van Pool. *See United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993) (recognizing that "prosecutors must have reasonable latitude to fashion closing arguments, and thus can argue reasonable inferences based on the evidence . . . ."). The court correctly noted that by referencing the plea agreement, the prosecutor did not rely upon evidence outside the record, as the plea agreement

2

was disclosed to the jury during a lengthy direct and cross-examination. *See id.* at 1278-79 (finding no impermissible vouching where a prosecutor's statements about a plea agreement were truthful and did not rely upon evidence outside the record). Thus, the California Court of Appeal concluded that the prosecutor's comments did not constitute impermissible vouching and did not rise to the level of misconduct such that Van Pool's due process rights were violated. *See Darden v. Wainwright*, 477 U.S. 168, 180-83 (1986) (finding that a prosecutor's comments, while "improper," were nevertheless not grounds for habeas relief, as the relevant question is "whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process" (internal quotation marks omitted)). The state court's decision was neither contrary to nor an unreasonable application of Supreme Court precedent, 28 U.S.C. § 2254(d)(1), nor an unreasonable determination of the facts in light of the evidence presented, *id.* at (d)(2).

**2.** As to Van Pool's second claim, the state court summarily denied Van Pool's claim that defense counsel was ineffective for failing to make an objection to the prosecutor's alleged vouching. Given the futile nature of such an objection, as discussed above, this was neither objectively unreasonable nor an unreasonable determination of the facts in light of the evidence presented. *See Juan H. v. Allen*,

408 F.3d 1262, 1273-74 (9th Cir. 2005) (finding that "performance of counsel did not fall below an 'objective standard of reasonableness' on account of not raising [a] meritless objection" (citation omitted)); *see also Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) ("A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984))); *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) (noting that there is a "strong presumption that [counsel acted] for tactical reasons rather than through sheer neglect" (citing *Strickland*, 466 U.S. at 690)).

3. As to Van Pool's third claim, even assuming the prosecutor made the statements Van Pool claims he made, there are no grounds for federal habeas relief. The prosecutor did not instruct Lettman how to testify, but simply reminded her that she was obliged to do so, confirming what Lettman had already been told by the trial court. Further, the prosecutor's alleged statement did not manipulate or misstate the evidence, nor otherwise implicate specific rights of Van Pool. *See Darden*, 477 U.S. at 182. The alleged statement simply cannot be said to have deprived Van Pool of a fair trial. *See id.* at 181.

4. Finally, the court likewise rejects Van Pool's fourth claim. Because Van Pool was charged with committing assault with a deadly weapon and carjacking

4

"for the benefit of, at the direction of, or in association with" a criminal street gang, evidence as to her ties to the Raymond Avenue Crips was relevant to showing that she stabbed the victim and took his car to benefit the gang. *See Windham v. Merkle*, 163 F.3d 1092, 1103-04 (9th Cir. 1998) (rejecting habeas challenge to gang expert's testimony that gangs engage in "paybacks" because it was relevant to prove motive). Allowing Eric Thomas to testify generally about how women are initiated into the gang may have been evidentiary error because it was prejudicial and only minimally probative of Van Pool's own ties to the gang. Nonetheless, it cannot be said that this evidentiary error violated the due process clause by "'render[ing] the trial fundamentally unfair.'" *Drayden v. White*, 232 F.3d 704, 710 (9th Cir. 2000) (quoting *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1466 (9th Cir. 1986)). The jury heard ample properly admitted evidence of Van Pool's ties to the gang and her participation in gang-related fights, including the stabbing of Vincent Thomas. *See id.* at 710-11.

  **AFFIRMED.**