NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW L. SMELTZER, | No. 17-56835 |
| Petitioner-Appellant, | D.C. No. 3:14-cv-01251-WGH-WVG |
| v. | |
| AUDREY KING, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted February 5, 2019**
Pasadena, California

Before: WARDLAW and BEA, Circuit Judges, and DRAIN,*** District Judge.

Matthew Smeltzer appeals the denial of his habeas petition seeking relief

from his civil commitment as a sexually violent predator under California's

Welfare and Institutions Code § 6604. Smeltzer argues that the district court erred

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

in concluding that the California Court of Appeal did not unreasonably apply clearly established Supreme Court precedent when it found Smeltzer's due process rights were not violated when the trial court precluded defense counsel from asking questions concerning state case authority on the standard for volitional impairment. Smeltzer also argues that the district court erred in concluding that the California Court of Appeal did not unreasonably apply clearly established Supreme Court precedent when it upheld the trial court's decision declining to alter the standard jury instruction defining "diagnosed mental disorder" to include language that the disorder must "seriously impair" a person's ability to control his dangerous behavior. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm.

1.  Generally, "a petition[er] for federal habeas relief may not challenge the application of state evidentiary rules[.]" *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 897 (9th Cir. 1996). However, a petitioner "is entitled to relief if the evidentiary decision created an absence of fundamental fairness that 'fatally infected the trial.'" *Id.* (quoting *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1465 (9th Cir. 1986). Smeltzer has not met his heavy burden of demonstrating the trial court's evidentiary decision created an absence of fundamental fairness that fatally infected the trial. Defense counsel was able to question the state's experts and Smeltzer's expert on the legal requirement to establish a volitional impairment. A

2

case-by-case factual recitation of *People v. Burris*, 126 Cal. Rptr. 2d 113 (Ct. App. 2002) was irrelevant to the jury's task of determining whether Smeltzer had a mental illness that made it difficult to control his dangerous behavior.

2.     Due process requires that state civil commitment statutes couple proof of dangerousness with proof of some additional factor such as mental illness. *Kansas v. Hendricks*, 521 U.S. 346, 358 (1997).  The required degree of an inability to control behavior is "not [] demonstrable with mathematical precision[,]" but "there must be proof of serious difficulty in controlling behavior." *Kansas v. Crane*, 534 U.S. 407, 411, 413 (2002).

California's standard instruction comports with due process.  The state must prove dangerousness, along with a mental illness which makes it "difficult, if not impossible, for the person to control his dangerous behavior." *Id*. The instruction required the jury to find that Smeltzer had a diagnosed mental disorder that affects his ability to control his behavior and predisposes him "to commit criminal sexual acts to an extent that makes [him] a menace to the health and safety of others."  It further obligated a jury finding that he is likely to "engage in sexually violent predatory criminal behavior" because of "a substantial, serious, and well-founded risk that [he] will engage in such conduct if released in the community."  As both the state court and the district court found, inherent in this instruction, which

3

mimics California's civil commitment statute, is the requirement that Smeltzer have serious difficulty controlling his behavior.

Moreover, Smeltzer's claim must be denied because there is a lack of "clearly established" Supreme Court precedent on this issue. *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (noting that "because our cases give no clear answer," the state court could not have been unreasonable in its application of Supreme Court precedent).

**AFFIRMED.**